fied the term "cessation of active work," which was a status requiring some explanation. On the other hand, resignation from employment, as in the instant case, did not require explanation or qualification, but absolutely terminated coverage thirty-one days thereafter. John Hancock Mutual Insurance Company of Boston v. Cooper, Ky., 239 S.W.2d 989, and Hawthorne v. Metropolitan Life Insurance Company, 1938, 285 Mich. 329, 280 N.W. 777.

Accordingly, when John Hanlon resigned from his employment, his insurance coverage with Aetna terminated thirty-one days thereafter, irrespective of the fact that he may have been disabled by injury at the time of his resignation.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.

Henry H. Harned, Leslie W. Whitmer, Kentucky State Bar Assn., Frankfort, for complainant.

Lance Kohler, pro se.

PER CURIAM.

It appearing from a certified copy of a judgment filed with this court that the respondent, Lance Kohler, was adjudged guilty of a felony on the 21st day of May, 1973, by the Fayette Circuit Court upon a plea of guilty, the respondent pursuant to RCA 3.320 is hereby permanently disbarred from the practice of law in this Commonwealth.

All costs of this proceeding are hereby assessed to the respondent.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.

**KENTUCKY STATE BAR ASSOCIA-TION, Complainant,**

**v.**

**Lance KOHLER, Respondent.**

Court of Appeals of Kentucky.

June 29, 1973.

**James R. YOCOM, Appellant,**

**v.**

**Elmer LOUGHRIN et al., Appellees.**

Court of Appeals of Kentucky.

June 29, 1973.